## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**CARROLL JOHNSON**
**ADC # 138237**                                                                                         **PLAINTIFF**

**V.**              **CASE NO. 5:09CV00034 WRW/BD**

**SHERI FLYNN,** *et al.*                                                                            **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

The following Recommended Disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Background**

On February 2, 2009, Plaintiff filed this action under 42 U.S.C. § 1983 (docket entry #1).  This Court ordered Plaintiff to file an application to proceed *in forma pauperis* or pay the statutory filing fee (#2).  The next day, Plaintiff paid the statutory filing fee (#4).

On March 16, 2009, this Court ordered Plaintiff to file an amended complaint (#5).  On April 6, 2009, Plaintiff moved to extend the time to file an amended complaint (#9) and this Court granted his motion.  Despite this extension, Plaintiff has failed to file an amended complaint within the extended time allotted by Order (#10).

Plaintiff was warned (#5, #10) that failure to file an amended complaint as ordered could result in dismissal of his action under Local Rule 5.5(c)(2) of the Eastern District of Arkansas and the Federal Rules of Civil Procedure.  Plaintiff has not responded to the Court's Order and the time for doing so has passed.  Despite two separate Orders and an extension of time, Plaintiff has failed to file an amended complaint.  Accordingly, Plaintiff's complaint should be DISMISSED without prejudice.

**III.    Analysis**

In addition to failing to follow the local rules and Court Orders, Plaintiff's current complaint (#1) fails to state a claim upon which relief may be granted.  To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a

defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983.

In the present case, Plaintiff alleges that numerous individuals failed to follow the procedures in the Sex Offender Registration Act of 1997. A state official's failure to follow state law, however, does not give rise to an action under 42 U.S.C. § 1983. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).

Plaintiff also alleges that the state court judge[1] did not have the legal authority to sentence him as a violent sexual predator. Insofar as Plaintiff is challenging his conviction and sentence, this action is *Heck* barred. Until Plaintiff's conviction is reversed, expunged, or called into question by a state tribunal or federal court, he cannot prevail under 42 U.S.C. § 1983. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (where success in a prisoner's § 1983 action would implicitly question the validity of a conviction, the litigant must first successfully challenge the underlying conviction or sentence).

Plaintiff also alleges that the Sex Offender Assessment Committee failed to conduct a proper assessment. If this complaint regards the administrative process involved in the sex offender classification, Plaintiff's immediate remedy lies with the state through the administrative procedures act. ARK. CODE ANN. § 25-15-201, *et seq*.

---

[1] The Honorable Chris Piazza, Pulaski County Circuit Judge.

For a number of reasons, Plaintiff's complaint should be dismissed. Depending on the exact nature of Plaintiff's grievance, he may be able to bring a similar action in the future. Accordingly, this dismissal should be without prejudice.

IV. **Conclusion**

The Court recommends that the District Court dismiss the Complaint (#1) without prejudice, under Local Rule 5.5(c)(2) and for failure to state a claim upon which relief may be granted.

DATED this 18th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE